**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOE DAVID CHAVEZ JR.,

Petitioner,

v. No. 22-cv-0770 MLG-JFR

GEORGE STEVENSON, *Warden,* and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Joe David Chavez Jr.'s Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Petitioner challenges his 2018 state convictions based on, inter alia, double jeopardy principles and due process violations. Having reviewed the matter sua sponte under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this matter should not be dismissed for failure to file within the one-year limitation period.

**BACKGROUND**[1]

In 2017, a state jury convicted Petitioner of first-degree murder, conspiracy, arson, and tampering with evidence. *See* Doc. 1 at 1; Verdicts in Case No. D-1215-CR-2015-267. The state court sentenced him life imprisonment, plus 15 years. *See* Doc. 1 at 1. Judgment was entered on April 3, 2018. *See* Judgment/Sentence/Commitment in Case No. D-1215-CR-2015-267.

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case No. D-1215-CR-2015-267; S-1-SC-37067; and S-1-SC-38831. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each motion was filed").

Petitioner filed a direct appeal, and the New Mexico Supreme Court (NMSC) affirmed his convictions on January 16, 2020. *See State v. Chavez,* No. S-1-SC-37067, 2020 WL 249145 (N.M. Jan. 16, 2020) (unpublished). Petitioner did not seek further review with the United States Supreme Court (USSC). *See* Doc. 1 at 2. His convictions therefore became final no later than April 16, 2020, which is the first day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, "the judgment is not final . . . until after the [USSC] has denied review, or, if no petition for certiorari is filed, after the time for filing a [federal] petition for certiorari . . . has passed").

Petitioner filed a state habeas petition the following year, on January 25, 2021. *See* Habeas Petition in Case No. D-1215-CR-2015-267. The state trial court summarily denied the petition. *See* Order Dismissing Petition in Case No. D-1215-CR-2015-267. Petitioner sought state certiorari review, but the NMSC denied relief on October 20, 2021. *See* Order Denying Petition in S-1-SC-38831.

On October 17, 2022, Petitioner filed the instant § 2254 Petition. *See* Doc. 1. He raises claims for double jeopardy violations, evidentiary defects, prosecutorial misconduct, and cumulative error. *See* Doc. 1 at 8-9, 78-79 (incorporating claims raised in Petitioner's state appellate brief). The Petition also includes claims challenging his racketeering and drug convictions stemming from a separate state criminal proceeding, Case No. D-1215-CR-2012-321. *See, e.g.,* Doc. 1 at 12, 25-40. Petitioner already challenged those convictions in a prior § 2254 proceeding, which is still pending before the Hon. Martha Vazquez. *See Chavez v. State*, No. 19-cv-496 MV-JFR. The Court will therefore limit its review in this case (*Chavez v. Stevenson,* No. 22-cv-770 MLG-JFR) to whether Chavez can obtain federal habeas relief from the state murder, conspiracy,

arson, and tampering convictions entered in Case No. D-1215-CR-2015-267.

**DISCUSSION**

Habeas Corpus Rule 4 requires a sua sponte review of 28 U.S.C. § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief . . . , the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." *Id.* As part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a . . . habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing authority that the habeas "time bar and other affirmative defenses . . . may be raised by a court" on initial review).

Section 2254 petitions must generally be filed within one year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended or tolled:

(1) While a state post-conviction/habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the United States Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also be available "when an inmate diligently pursues his claims and

demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (addressing § 2254 petitions).

Petitioner's criminal judgment became final—and the one-year period started running—no later than April 16, 2020, after he declined to seek federal certiorari review on direct appeal. *See Rhine*, 182 F.3d at 1155. Two hundred and eighty-four (284) days passed before Petitioner filed his state habeas petition on January 25, 2021, which stopped the clock pursuant to 28 U.S.C. § 2244(d)(2). That proceeding remained pending through October 20, 2021, when the NMSC denied certiorari relief on the state habeas claims. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (for purposes of tolling under § 2244(d)(2), a state habeas proceeding remains pending until "the State's highest court has issued its mandate or denied review"). "The next day [October 21, 2021] statutory tolling ceased," and the remaining "time for filing a federal habeas petition [81 days][2] resumed . . . ." *Trimble v. Hansen*, 764 F. App'x 721, 724 (10th Cir. 2019) (addressing habeas tolling calculations). The state docket reflects there was no additional tolling activity during the next 81 days, and the one-year limitation period appears to have expired on January 10, 2022.

For these reasons, Petitioner must show cause why the Petition filed on October 17, 2022 should not be dismissed as time-barred. The show-cause response is due within thirty (30) days of entry of this ruling. The failure to timely respond and overcome the time-bar may result in dismissal of the Petition without further notice.

It is ordered that within thirty (30) days of entry of this Order, Petitioner must file a response

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (284) from the total number of days in a one-year period (*i.e.,* 365 days in a year - 284 days = 81 remaining days).

showing cause, if any, why his § 2254 Petition filed October 17, 2022 (Doc. 1) should not be dismissed as time-barred.

MATTHEW GARCIA
UNITED STATES DISTRICT JUDGE